UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RONALD M. COIA
As Trustee of the Rhode Island Laborers Health Fund; the Rhode Island Laborers' Pension Fund; the New England Laborers' Training Trust Fund; the New England Laborers' Labor Management Cooperation/Trust Fund; the New England Laborers' Health & Safety Fund; the New England Laborers' Unified Trust Fund; the Rhode Island Laborers' Annuity Fund; the Rhode Island Laborers' Legal Services Fund; the Rhode Island Construction Industry Advancement Fund; and the RHODE ISLAND LABORERS' DISTRICT COUNCIL OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO,

v.

CAPITAL CITY CONCRETE, INC.

C.A. No. 05 297 T

**VERIFIED COMPLAINT**

1. Plaintiff Ronald M. Coia, a duly appointed Trustee of the Rhode Island Laborers Health Fund, the Rhode Island Laborers Pension Fund, the Rhode Island Laborers Annuity Fund, the Rhode Island Laborers Training Trust Fund, and the Rhode Island Laborers Legal Services Fund, ("Plaintiff Funds"), which are unincorporated associations having their principal offices in the City of Cranston, County of Providence and State of Rhode Island, brings this suit in his capacity as Trustee for the above named Funds.

2. Plaintiff, Rhode Island Laborers District Council ("Plaintiff Union"), acting on behalf of Local Unions #15, Westerly, Rhode Island; #271, Providence, Rhode Island; and #673, Newport, Rhode Island, is an unincorporated association having its principal office in the City of Providence, State of Rhode Island, and brings this suit in its own name.

3. Defendant, Capital City Concrete, Inc. ("Defendant"), is a corporation organized and existing under the laws of the State of Rhode Island with its principal place of business in Cranston, Rhode Island.

4. Plaintiff Funds bring this action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., and, more specifically, 29 U.S.C. § 1145, to collect delinquent contributions owed Plaintiff Funds by Defendant.

5. Plaintiff Union brings this action pursuant to the National Labor Relations Act, as amended, 29 U.S.C. § 185.

6. This Court has jurisdiction to hear this matter pursuant to 29 U.S.C. § 1132(e)(1) and (2) and 29 U.S.C. § 185(a) and (c). Plaintiff Funds are duly organized and recognized Trust Funds under 29 U.S.C. § 1002 and the Trustee of the Funds is empowered to bring this action pursuant to 29 U.S.C. § 1132(a)(3). Plaintiff Union is empowered to bring this action pursuant to 29 U.S.C. § 185(b).

7. On or about June 1, 2001, Plaintiff Union entered into a collective bargaining agreement ("Agreement") effective June 1, 2001 through May 31, 2005 with the Rhode Island Chapter, Associated General Contractors of America, Inc. A copy of that Agreement is attached hereto and made a part hereof as **Exhibit A**. Defendant is a party to the Agreement in that Plaintiff Union provided Defendant with Union members who performed work for Defendant, and who were employees of Defendant, pursuant to the terms and conditions of said Agreement, which were in effect at all times pertinent to this action, and such Defendant named herein has been and remains a signatory to the Agreement pursuant to the Memorandum of Agreement signed by the Defendant and attached hereto as **Exhibit B**.

## COUNT I

8. Plaintiff Union incorporates all the allegations contained in paragraphs 1 through 7 as if fully set forth herein.

9. Pursuant to the Agreement, Defendant agreed, under Article IX, to pay between four dollars and thirty-five cents ($4.35) and four dollars and ninety-five ($4.95) per hour

worked by each employee covered under the terms of the Agreement to the Rhode Island Laborers' Health Fund, said payments to be made not later than the twentieth (20th) day of each and every month for all hours worked by said employees.

10. Pursuant to the Agreement, Defendant also agreed, under Article X, to pay between three dollars and twenty cents ($3.20) and four dollars and ten cents ($4.10) per hour worked by each employee covered under the terms of the Agreement to the Rhode Island Laborers' Pension Fund, a defined benefit pension plan, said payments to be made not later than the twentieth (20th) day of each and every month for all hours worked by said employees.

11: Pursuant to the Agreement, Defendant also agreed, under Article XI, to pay between twenty-five cents (25¢) thirty cents and (30¢) per hour worked by each employee covered by the terms of the Agreement to the New England Laborers' Training Trust Fund, said payments to be made not later than the twentieth (20th) day of each and every month for all hours worked by said employees.

12. Pursuant to the Agreement, Defendant also agreed, under Article XI B, to pay fifteen cents (15¢) per hour worked by each employee covered by the terms of the Agreement to the New England Laborers' Labor Management Cooperation/Trust Fund, said payments to be made not later than the twentieth (20th) day of each and every month for all hours worked by said employees.

13. Pursuant to the Agreement, Defendant also agreed, under Article XI C, to pay between ten cents (10¢) and fifteen cents (15¢) per hour worked by each employee covered by the terms of the Agreement to the New England Laborers' Health & Safety Fund, said payments to be made not later than the twentieth (20th) day of each and every month for all hours worked by said employees.

14. Pursuant to the Agreement, Defendant also agreed, under Article XI D, to pay between forty-five cents (45¢) and one dollar and fifty cents ($1.50) per hour worked by each employee covered by the terms of the Agreement to the New England Laborers' Unified Trust Fund, said payments to be made not later than the twentieth (20th) day of each and every month

for all hours worked by said employees.

15. Pursuant to the Agreement, Defendant also agreed, under Article XII, to pay fifty cents (50¢) per hour worked by each employee covered by the terms of the Agreement to the Rhode Island Laborers' Legal Services Fund, said payments to be made not later than the twentieth (20th) day of each and every month for all hours worked by said employees.

16. Pursuant to the Agreement, Defendant also agreed, under Article XIII, to pay between one dollar and seventy-five cents ($1.75) and two dollars and seventy-five cents ($2.75) per hour worked by each employee covered by the terms of the Agreement to the Rhode Island Laborers' Annuity Fund, a qualified defined contribution plan, said payments to be made not later than the twentieth (20th) day of each month for all hours worked by said employees.

17. Pursuant to the Agreement, Defendant also agreed, under Article XIV, to pay fifteen (15¢) cents per hour worked by each employee covered by the terms of the agreement to the Rhode Island Construction Industry Advancement Fund, said payments to be made not later than the twentieth (20th) day of each and every month for all hours worked by said employees.

18. Pursuant to the Agreement, Defendant also agreed, under Article XV, to deduct seventy (70¢) cents per hour worked from the wages of each employee who was or became a member of Plaintiff Union and who authorized said deductions in writing in accordance with the Agreement, and to pay said deducted amounts to Plaintiff Union.

19. Upon information and belief, Defendant employed various members of Plaintiff Union from 2001 to present. Contributions for hours worked by said employees during several months, including, but not limited to, March 2001 to May 2001, June 2001 to December 2001, January 2002 to December 2002, August 2003 to September 2003, December 2003 to January 2004, and November 2004 to January 2005 have not been reported and paid by Defendant as required under the Agreement and Defendant is delinquent in its payments to Plaintiff Funds and Plaintiff Union.

20. Under the Agreement, Defendant was, is, and continues to remain delinquent in its contributions to Plaintiff Funds for hours worked by said employees during several months,

including, but not limited to, March 2001 to May 2001, June 2001 to December 2001, January 2002 to December 2002, August 2003 to September 2003, December 2003 to January 2004, and November 2004 to January 2005, said contributions being payable in each month pursuant to the work performed as set forth in **Exhibit A.**

21. Defendant was, is and continues to be delinquent in dues payments to the Plaintiff Union for deductions required to be made from the wages of Defendant's employees for work performed by said employees during several months, including, but not limited to, March 2001 to May 2001, June 2001 to December 2001, January 2002 to December 2002, August 2003 to September 2003, December 2003 to January 2004, and November 2004 to January 2005. Said employees were members of the Union and legally authorized Defendant to make said deductions from their wages.

22. As a result of Defendant's failure and/or neglect and/or refusal to report and remit payment of contributions required under the Agreement to Plaintiff Funds and Plaintiff Union for work performed during the above-mentioned period, Plaintiff Funds and Plaintiff Union have incurred substantial costs.

23. At all times, Plaintiff Funds and Plaintiff Union have duly performed their obligations under the Agreement with the Defendant.

24. Plaintiff Funds and Plaintiff Union, through their representatives, have made repeated demands, without success, upon Defendant requesting the contributions owed them pursuant to the Agreement.

25. Defendant has failed and/or refused to pay said delinquencies and thus has breached its Agreement with Plaintiff Funds and Plaintiff Union.

WHEREFORE, Plaintiff Funds demand judgment and damages, pursuant to 29 U.S.C. §1132(g), against Defendant in an amount to reflect the unpaid contributions, together with interest on the unpaid contributions, liquidated damages, attorneys' fees and costs, and such other relief as the Court may deem appropriate.

**COUNT II**

26. Plaintiff Union incorporates all the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27. Defendant and Plaintiff Union are signatories to the Agreement attached hereto as **Exhibit A**.

28. Defendant, by failing and/or refusing to remit payments to Plaintiff Union, has breached the terms of its Agreement, including, but not limited to, those Articles enumerated in Count I and the provisions contained therein.

29. At all times, Plaintiff Union has duly performed its obligations under the Agreement.

WHEREFORE, Plaintiff Union demands judgment and damages against Defendant, in an amount to reflect the unpaid contributions, together with interest on the unpaid contributions, liquidated damages, attorneys' fees and costs, and such other relief as the Court may deem appropriate.

RONALD M. COIA, et al.
By their Attorneys,

Jaime J. LaPorte

ROBERT P. BROOKS (#3721)
JAIME J. LAPORTE (#6668)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 751-0604 - 351-0607
Date: 7-5-05

I, Ronald M. Coia, Trustee for the aforementioned Funds and duly authorized representative for the aforementioned Union Locals, hereby certify that I have read the above Complaint, and that all of the representations herein are true and accurate to the best of my knowledge and belief.

Ronald M. Coia

Subscribed and sworn to before me by said Ronald M. Coia on this 28 day of June, 2005.

Jaime J. LaPonte
Notary Public 7/25/2007
(#51851)

*336223_1.doc*