**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RONALD M. COIA, et al. | : | |
| | : | |
| v. | : | C.A. No. 05-297T |
| | : | |
| CAPITAL CITY CONCRETE, INC. | : | |

**CAPITAL CITY CONCRETE, INC.'S**
**ANSWER TO VERIFIED COMPLAINT**

1. Defendant neither admits nor denies the allegations contained in paragraph 1 of plaintiff's verified complaint and leaves plaintiff to its proof thereon.

2. Defendant neither admits nor denies the allegations contained in paragraph 2 of plaintiff's verified complaint and leaves plaintiff to its proof thereon.

3. Defendant admits the allegations contained in paragraph 3 of plaintiff's verified complaint.

4. Defendant neither admits nor denies the allegations contained in paragraph 4 of plaintiff's verified complaint and leaves plaintiff to its proof thereon.

5. Defendant neither admits nor denies the allegations contained in paragraph 5 of plaintiff's verified complaint and leaves plaintiff to its proof thereon.

6. Defendant neither admits nor denies the allegations contained in paragraph 6 of plaintiff's verified complaint and leaves plaintiff to its proof thereon.

7. Defendant admits the allegations contained in paragraph 7 of plaintiff's verified complaint insofar as defendant is a signatory to a collective bargaining agreement ("Agreement") with plaintiff, R.I. Laborer's District Council ("Plaintiff Union") and defendant neither admits nor

denies the remaining allegations contained in paragraph 7 of plaintiff's verified complaint and leaves plaintiff to its proof thereon.

**COUNT I**

8. Defendant repeats and realleges paragraphs 1 through 7 as if fully set forth herein.

9. In response to paragraph 9 of plaintiff's verified complaint, defendant states that the Agreement speaks for itself and neither admits nor denies the allegations.

10. In response to paragraph 10 of plaintiff's verified complaint, defendant states that the Agreement speaks for itself and neither admits nor denies the allegations.

11. In response to paragraph 11 of plaintiff's verified complaint, defendant states that the Agreement speaks for itself and neither admits nor denies the allegations.

12. In response to paragraph 12 of plaintiff's verified complaint, defendant states that the Agreement speaks for itself and neither admits nor denies the allegations.

13. In response to paragraph 13 of plaintiff's verified complaint, defendant states that the Agreement speaks for itself and neither admits nor denies the allegations.

14. In response to paragraph 14 of plaintiff's verified complaint, defendant states that the Agreement speaks for itself and neither admits nor denies the allegations.

15. In response to paragraph 15 of plaintiff's verified complaint, defendant states that the Agreement speaks for itself and neither admits nor denies the allegations.

16. In response to paragraph 16 of plaintiff's verified complaint, defendant states that the Agreement speaks for itself and neither admits nor denies the allegations.

17. In response to paragraph 17 of plaintiff's verified complaint, defendant states that the Agreement speaks for itself and neither admits nor denies the allegations.

18. In response to paragraph 18 of plaintiff's verified complaint, defendant states that the Agreement speaks for itself and neither admits nor denies the allegations.

19. With regard to the allegations contained in paragraph 19 of plaintiff's verified complaint, defendant admits that it employed various members of Plaintiff Union from 2001 to present and defendant denies all other allegations.

20. Defendant denies the allegations contained in paragraph 20 of plaintiff's verified complaint.

21. Defendant denies the allegations contained in paragraph 21 of plaintiff's verified complaint.

22. Defendant denies the allegations contained in paragraph 22 of plaintiff's verified complaint.

23. Defendant denies the allegations contained in paragraph 23 of plaintiff's verified complaint.

24. Defendant admits the allegations contained in paragraph 24 of plaintiff's verified complaint.

25. Defendant denies the allegations contained in paragraph 25 of plaintiff's verified complaint.

WHEREFORE, defendant, Capital City Concrete, Inc. respectfully requests that this Court dismiss plaintiff's complaint and award defendant its costs thereon.

**COUNT II**

26. Defendant repeats and realleges paragraphs 1 through 25 as if fully set forth herein.

27. Defendant admits the allegations contained in paragraph 27 of plaintiff's verified

complaint.

28. Defendant denies the allegations contained in paragraph 28 of plaintiff's verified complaint.

29. Defendant denies the allegations contained in paragraph 29 of plaintiff's verified complaint.

WHEREFORE, defendant, Capital City Concrete, Inc. respectfully requests that this Court dismiss plaintiff's complaint and award defendant its costs thereon.

**First Affirmative Defense**

Breach of Contract.

**Second Affirmative Defense**

Accord and Satisfaction

**Third Affirmative Defense**

Compromise and Settlement.

**Fourth Affirmative Defense**

Waiver.

Defendant,
***Capital City Concrete, Inc.***
By its Attorneys:

David M. Campbell (#3355)
Girard R. Visconti (#0566)
***Visconti & Boren, Ltd.***
55 Dorrance Street
Providence, RI 02903
***Phone:*** 401/331-3800
***Facsimile:*** 401/421-9302

**CERTIFICATION**

I, the undersigned, hereby certify that on the 3rd day of August, 2005, I mailed a true copy of the within document by regular, first-class mail, postage prepaid, to the following:

Robert P. Brooks, Esquire
Jaime J. LaPorte, Esquire
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

[signature]